IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| QUIKRETE INTERNATIONAL, INC. | ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| v. | ) | |
| | ) | COMPLAINT AND |
| SAKRETE OF NORTH AMERICA, LLC. | ) ) | JURY DEMAND |
| _____ | ) | |

## COMPLAINT

Plaintiff Quikrete International, Inc. ("Quikrete"), as and for its Complaint against Defendant Sakrete of North America, LLC. ("Sakrete"), states the following:

## INTRODUCTION

1.     This is an action for federal and common law trademark infringement, false designation of origin, unfair competition, trademark dilution, and related state law claims, arising from Defendant Sakrete's infringement of Plaintiff Quikrete's registered trademark for the color red (hereinafter referred to as the "Red Bag Mark") used in connection with packaged concrete.

1

2.    Defendant Sakrete recently changed its packaging to a red bag design

that is nearly identical to Plaintiff Quikrete's Red Bag Mark, as seen here:



3.    Defendant Sakrete's use of a confusingly similar trademark to identify

and promote the same goods as those provided by Plaintiff Quikrete, which are

2

marketed and sold to the same classes of customers in the same markets and trade channels using similar methods of sale and promotion, is likely to confuse, deceive, and mislead the public as to the source and origin of Sakrete's goods or Quikrete's goods, and/or as to the sponsorship or approval of Sakrete's goods by Quikrete, or as to sponsorship or approval of Quikrete's goods by Sakrete.

## THE PARTIES

4.     Plaintiff Quikrete is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Securities Centre, 3490 Piedmont Road, Atlanta, Georgia  30305.

5.     Defendant Sakrete is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8201 Arrowridge Blvd., Charlotte, North Carolina 28273.

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331, and 1338(a) and (b).

7.     This Court has jurisdiction over Plaintiff Quikrete's state law claims under 28 U.S.C. § 1338 (b) because these claims are joined with the substantial and

SGR/13613786.1

related claims under federal law, and pursuant to the doctrine of supplemental jurisdiction under 15 U.S.C. § 1367.

8.     This Court has personal jurisdiction over Defendant Sakrete.  On information and belief, Defendant Sakrete lists through its website www.sakrete.com forty-eight (48) retail establishments within a twenty-five (25) mile radius of Atlanta zip code 30303 (in which this Court is located) which carry a variety of Sakrete's products, including a number of locations that carry "fast-setting concrete mix" in 50 pound bags.  On information and belief, Sakrete's website also lists one manufacturing plant near Atlanta, Georgia at 4083 Bonsal Road, Conley Georgia 30318.  Sakrete, either directly or through subsidiary, parent or related companies, manufactures and distributes Infringing Products that are the subject to this action, in this judicial district.  Sakrete has established contacts with the State of Georgia sufficient for this Court to exercise personal jurisdiction over Defendant.

9.     Venue is proper and appropriate in this District pursuant to 28 U.S.C. § 1391(b)-(c) in that Defendant Sakrete distributes, offers for sale, and sells, within this judicial District, either directly or through subsidiaries, parent or related companies the Infringing Products that are subject of this action, and a substantial part of the events giving rise to the claims arise in this judicial District.

SGR/13613786.1

# FACTS COMMON TO ALL COUNTS

## A.    The Market for Packaged Cement and Concrete Products

10.    Headquartered in Atlanta, Georgia and founded in 1940, Plaintiff Quikrete is the largest manufacturer of packaged concrete and cement mixes in the U.S. and Canada.  Quikrete offers related products through numerous wholly-owned subsidiaries, including SPEC MIX®, Pavestone®, Custom Building Products®, Target Technologies®, Daubois®, and QPR®.

11.    Plaintiff Quikrete's products are manufactured and distributed through more than one hundred (100) facilities in the U.S., Canada, Puerto Rico, and South America.

12.    Plaintiff Quikrete offers hundreds of professional-grade and consumer products including concrete mixes, mortar mixes, cements, concrete repair products, stuccos, waterproofing products, tile setting systems, hardscapes, blacktop products, floor underlayment's, sand and aggregates, and other seasonal items.  These products have been used on many landmark building and refurbishing projects including the Georgia Aquarium, the Frank Lloyd Wright House, the National Museum of the American Indian, the Georgia World Congress Center, the George W. Bush Presidential Center, the San Francisco Bay Bridge, and the Bill and Melinda Gates Foundation.

5

13.    Defendant Sakrete is a competitor of Plaintiff Quikrete, offering in many cases identical products that are sold in similar if not identical channels of trade.  Both Sakrete and Quikrete have advertised and sold competing packaged premixed fast setting concrete products for many years, without confusion as to the source of their respective products.

**B.    The Use Of Colored Bags To Sell Packaged Concrete**

14.    On information and belief, prior to 1989, all manufacturers and sellers of packaged concrete and cement mixes used non-descript, non-colored bags to sell their products.   The packages, or "bags," have always been sized in specific denominations, e.g., fifty (50) pounds, and have been made of a heavy weight paper with waterproofing (in some instances plastic liners) to prevent exposure of the constituent materials contained in the bags to moisture before use.

15.    "Fast setting" or "quick setting" premixed concrete hardens in 20-40 minutes after adding water, and is used by emptying the contents of the bag into a space, such as a post hole, and then adding water.  In this way, the user (whether a home owner or contractor) can avoid mixing unnecessarily large batches of concrete.  Premixed concrete means that the constituent materials are all contained in the bag, including cement, sand and aggregates (such as gravel).

SGR/13613786.1

16.     Quikrete and Sakrete market their respective packaged, premixed fast setting concrete in the same channels of trade, typically in the same sized bags, in large home centers, e.g., The Home Depot and Lowes, to both homeowners and contractors.   Both products are also sold in building supply stores and hardware stores.  Often, the packages of concrete are displayed in stacks on pallets, so that the purchaser can retrieve as many bags as are needed.

17.     Starting in 1989, Quikrete began selling its packaged, fast setting premixed concrete in red bags, with yellow and black text and trim.   Quikrete has continued to use the red bag to distinguish its fast setting concrete from its competitors.

18.     Over time, and through continuous exclusive use and promotion, customers began to associate the color red, and the "red bag" with Plaintiff Quikrete as the source of the product.

**C.     Quikrete's Incontestable Red Bag Trademark Registration**

19.     On November 19, 2003, Plaintiff Quikrete filed a trademark application, designated by the serial number 78-329,938, for the color red as used on packaging for "dry cementitious pre-mixes, namely concrete mix…" among other cement and concrete products.

SGR/13613786.1

20.    During prosecution of the trademark application, Quikrete converted its application to one based on a showing of secondary meaning under Section 2(f) of the Lanham Act.  The application was duly allowed, and issued as Registration No. 2,982,948 (the '948 registration) on August 9, 2005.  A copy of the '948 registration is attached as Exhibit A.

21.    On November 4, 2010, Plaintiff Quikrete submitted a Combined Declaration of Use and Incontestability under sections 8 & 15 of the Lanham Act, which was accepted by the United States Patent and Trademark Office.  As a result, the '948 registration became incontestable.

22.    On June 4, 2015, Plaintiff Quikrete submitted a Combined Declaration of Use and Application for Renewal under Sections 8 & 9 of the Lanham Act, which was accepted by the United States Patent and Trademark Office.  As a result, the '948 registration remains incontestable and in full force and effect.

## D.    Quikrete's Trade Dress

23.    Quikrete's red bags are unique in the industry.  The red colored bag creates an attractive and unique overall appearance with the addition of black and yellow text.

SGR/13613786.1

24.     On information and belief, and prior to Sakrete's recent change to a red bag, no other manufacturer or seller of fast setting premixed concrete besides Quikrete used a red bag with black and yellow text for packaged concrete.

25.     Plaintiff Quikrete's red bag with black and yellow text creates a trade dress that is uniquely associated with Quikrete as the source of packaged concrete.

## SAKRETE'S INFRINGING ACTIVITIES

26.     Until recently, Defendant Sakrete's packaged fast setting premixed concrete was sold in an off white bag, shown below:



SGR/13613786.1

On information and belief, the bag shown above had been in use by Sakrete for at least ten (10) years prior to November of 2015.

27.     In November of 2015, Plaintiff Quikrete discovered that Defendant Sakrete had introduced a new package for its packaged premixed fast setting concrete which highly resembles Quikrete's Red Bag Mark used on identical products:



28.     Defendant Sakrete's use of Quikrete's Red Bag Mark and trade dress renders the Quikrete and Sakrete products practically indistinguishable.

SGR/13613786.1

29.    Defendant Sakrete's use of a red bag for packaged premixed fast setting concrete products (hereinafter "the Infringing Products") creates a likelihood of confusion among consumers.

30.    Defendant Sakrete and Plaintiff Quikrete have a long history of competition, and have nearly identical customers for many products. The Infringing Products are sold by Sakrete in substantially the same if not identical channels of trade as Quikrete's. Sakrete has been fully aware of Quikrete's Red Bag Mark and trade dress. Quikrete's bags include the registration symbol ® on the bag, and although the symbol is placed next to the trademark "Quikrete" the symbol gives notice to both the name and the Red Bag Mark.

31.    Upon information and belief, Defendant Sakrete, as a result of the foregoing acts, intentionally, willfully, and knowingly adopted a red bag for its packaged premixed fast setting concrete which is virtually identical to the Red Bag Mark of Quikrete, in an effort to trade on Quikrete's goodwill.

32.    Plaintiff Quikrete has not authorized Defendant Sakrete to manufacture, distribute, promote, offer for sale, or sell products bearing or in any way using the Red Bag Mark and associated trade dress.

33.    Defendant Sakrete's use of red bags that are virtually identical to Quikrete's Red Bag Mark is likely to cause confusion, mistake and deception

11

among the relevant purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing that the Infringing Products originate from, are associated with, or are otherwise authorized by Quikrete, all to the damage and detriment of Quikrete, Quikrete's reputation and goodwill, and to the unjust enrichment of Sakrete.

34.    Sakrete's use of such infringing marks and trade dress on or in connection with the manufacture, promotion, distribution, offer for sale, and sale of the Infringing Products is causing immediate and continuing irreparable harm to Quikrete and will continue to do so unless restrained by this Court.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(a))

35.    Plaintiff Quikrete repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36.    Plaintiff Quikrete's federally registered Red Bag Mark, and the goodwill of the business associated with it in the United States and elsewhere, are of great and incalculable value.

SGR/13613786.1

37. The Red Bag Mark is highly distinctive and arbitrary and has become universally associated in the public mind with the packaged premixed fast setting concrete products of the highest quality that finds its source in Quikrete.

38. Without Plaintiff Quikrete's authorization or consent, and having knowledge of Quikrete's prior rights in the Red Bag Mark, Defendant Sakrete has manufactured, distributed, promoted, offered for sale and sold in commerce the infringing packaged fast setting premixed concrete in direct competition with Quikrete's packaged fast setting premixed concrete with the authentic Red Bag Mark.

39. Sakrete's infringing acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Sakrete with Quikrete, and as to the origin, sponsorship, or approval of Sakrete's Infringing Products by Quikrete, all to the damage and detriment of Quikrete and of Quikrete's reputation, goodwill and sales.

40. Plaintiff Quikrete has no adequate remedy at law. If Defendant Sakrete's activities are not enjoined, Quikrete will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill associated with the Red Bag Mark.

13

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

41.    Plaintiff Quikrete repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

42.    The Infringing Products sold and offered for sale by Defendant Sakrete are of the same nature and type as the packaged fast setting premixed concrete products sold and offered for sale by Plaintiff Quikrete.

43.    By misappropriating and using red bags to package its Infringing Products, Sakrete has misrepresented and falsely described to the public the origin and source of the Infringing Products and have created a likelihood of confusion among the public and the ultimate purchasers as to both the source and sponsorship of the Infringing Products.

44.    Defendant Sakrete's unlawful and unauthorized manufacture, distribution, promotion, offer for sale, and sale of the Infringing Products creates express and implied misrepresentations that the infringing products were manufactured, authorized, approved of and/or sponsored by Quikrete, all to Sakrete's profit and Quikrete's great damage and injury.

SGR/13613786.1

45.     By engaging in the aforesaid acts, Defendant Sakrete is unfairly competing with Plaintiff Quikrete.

46.     Plaintiff Quikrete has no adequate remedy at law. If Defendant Sakrete's activities are not enjoined, Quikrete will suffer immediate and continuing irreparable harm and injury to its business and to its reputation, and to the goodwill associated with the Red Bag Mark and trade dress.

## COUNT THREE

## FEDERAL TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

47.     Plaintiff Quikrete repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

48.     Plaintiff Quikrete's Red Bag Mark is distinctive and is a "famous mark" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Red Bag Mark was a famous mark prior to Sakrete's adoption of a red bag for packaging of their Infringing Products.

49.     Defendant Sakrete's manufacture, distribution, promotion, offer for sale and sale in commerce of the Infringing Products dilutes the distinctiveness and renown of Quikrete's Red Bag Mark.

SGR/13613786.1

50.     Upon information and belief, Defendant Sakrete's conduct is being done with the knowing and willful intent to trade on Plaintiff Quikrete's reputation and the goodwill in the Red Bag Mark, and to dilute and blur the distinctiveness and renown of the Red Bag Mark.

51.     Upon information and belief, Sakrete was aware that their use of a red bag and/or colorable imitations of the Red Bag Mark on the Infringing Products is being done without the authorization of Quikrete.

52.     Plaintiff Quikrete has no adequate remedy at law.  If Defendant Sakrete's activities are not enjoined, Quikrete will suffer immediate and continuing irreparable harm and injury to its business, to its reputation, and to the goodwill and distinctiveness in the Red Bag Mark.

## COUNT FOUR

## TRADEMARK INFRINGEMENT UNDER COMMON LAW

53.     Plaintiff Quikrete repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

54.     With knowledge of Plaintiff Quikrete's long, exclusive and continuous use of a red bag for premixed concrete, Defendant Sakrete has, without authorization from Quikrete, traded on and continues to trade on the goodwill associated with Quikrete's Red Bag Mark, and has misled consumers into

SGR/13613786.1

assuming that there is an association between the infringing concrete products and Quikrete, by using copies and/or colorable imitations of the Red Bag Mark to manufacture, distribute, promote, and sell the infringing concrete products.

55. Defendant Sakrete's acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Sakrete with Plaintiff Quikrete, and as to the origin, sponsorship, or approval of Sakrete's goods by Quikrete.

56. By Defendant Sakrete's unauthorized acts, Sakrete is directly infringing Plaintiff Quikrete's rights in the federally registered Red Bag Mark in violation of Georgia common law, to the damage of Quikrete and the unjust enrichment of Sakrete.

57. Upon information and belief, Defendant Sakrete's conduct is willful and intentional because Sakrete has infringed and continues to infringe Plaintiff Quikrete's federal trademark registration for the Red Bag Mark (i) with knowledge that Quikrete owns and has the exclusive nationwide right to use the Red Bag Mark, (ii) with the intention of causing a likelihood of confusion and misstate and to deceive, and (iii) with the intention of eliminating competition from Quikrete.

58. Plaintiff Quikrete has suffered and will continue to suffer irreparable injury for which Quikrete has no adequate remedy at law. Quikrete is therefore

SGR/13613786.1

entitled to a preliminary and permanent injunction against Sakrete's further infringing conduct.

59.     Because of Defendant Sakrete's acts, Plaintiff Quikrete has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Quikrete is entitled to injunctive relief, an accounting of Sakrete's profits, damages, and costs. Further, in light of Sakrete's willful, intentional, and malicious use of confusingly similar imitations of the Red Bag Mark and trade dress, and Sakrete's deliberately false and misleading advertising, all done with specific intent to cause harm to Quikrete, and because of the need to deter Sakrete and others from similar conduct in the future, Quikrete is entitled to punitive damages.

## COUNT FIVE

### UNFAIR AND DECEPTIVE TRADE PRACTICES

60.     Plaintiff Quikrete repeats and re-alleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

61.     Defendant Sakrete has been passing of its packaged premixed fast setting concrete product, sold in red bags, as that of Quikrete, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Sakrete's Infringing Products, causing a likelihood of confusion as to Sakrete's

SGR/13613786.1

affiliation, connection, or association with Quikrete, and otherwise damaging the public.

62. Defendant Sakrete's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

63. Defendant Sakrete's unauthorized use of confusingly similar imitations of Plaintiff Quikrete's Red Bag Mark and trade dress has caused and is likely to continue causing substantial injury to the public and to Quikrete, and Quikrete is entitled to injunctive relief and to recover damages, costs, and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Quikrete prays that:

1. Defendant Sakrete and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Sakrete, or in concert or participation with Sakrete, be enjoined permanently, from, directly or indirectly:

   a. Using the Red Bag Mark, or any other copy, reproduction, or colorable imitation, or confusingly similar version of the same,

19

including the red, black and yellow color scheme, on or in connection with the Infringing Products;

b. using any trademark, service mark, trade dress, name, logo, design, color, or source designation of any kind on or in connection with Sakrete's goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the Red Bag Mark and trade dress of Quikrete;

c. using any trademark, trade dress, name, logo, design, color or source designation of any kind on or in connection with Defendant Sakrete's products that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Quikrete, or is sponsored or authorized by Quikrete, or is in any way connected or related to Quikrete;

d. using any trademark, trade dress, name, logo, design, color or source designation of any kind on or in connection with Sakrete's goods that dilutes or is likely to dilute the distinctiveness of the Red Bag Mark of Quikrete;

e. passing off, palming off, or assisting in passing off or palming off, Defendant Sakrete's products as those of Quikrete, or otherwise

SGR/13613786.1

continuing any and all acts of unfair competition as alleged in this

Complaint.

2. Defendant Sakrete be ordered to deliver up for impoundment and for

destruction all Infringing Products, promotional materials, signs, packages,

or other materials in the possession, custody or under the control of Sakrete

that are found to adopt, infringe, or dilute Quikrete's trade dress or

trademarks or that otherwise unfairly compete with Quikrete's products;

3. Defendant Sakrete be compelled to account to Quikrete for any and all

profits derived by Sakrete from the sale or distribution of infringing products

as described in the Complaint;

4. Quikrete by awarded all damages caused by the acts forming the basis of this

Complaint;

5. Based on Defendant Sakrete's willful and intentional conduct, the damages

award be trebled and the award of Sakrete's profits be enhanced as provided

by 15 U.S.C. § 1117(a);

6. Defendant Sakrete be required to pay to Quikrete the costs of this action and

its reasonable attorney's fees pursuant to 15 U.S.C. 1117(a), and the state

statutes recited in this Complaint;

7. Pursuant to O.C.G.A. § 51-12-5.1, and based on Sakrete's willful,

intentional, malicious, and bad faith actions, which were done with the

SGR/13613786.1

specific intent to cause harm, punitive damages in favor of Quikrete and against Sakrete in an amount sufficient to punish, penalize and deter;

8. Quikrete be awarded interest and prejudgment interest; and

9. Quikrete have such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff Quikrete respectfully demands a trial by jury on all claims and issues so triable.

Respectfully Submitted this 5th day of February, 2016.

/s/Thomas W. Rhodes
Thomas W. Rhodes
Georgia Bar No. 602300
William V. Hearnburg, Jr.
Georgia Bar No. 342565
trhodes@sgrlaw.com
wvhearnburg@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1230 Peachtree Street, N.E.
Suite 3100 Promenade
Atlanta, Georgia 30309
Phone: (404) 815-3551
Fax: (404) 815-3509

SGR/13613786.1

Edward A. Pennington (to be admitted *pro hac vice)*
District of Columbia Bar No. 422006
Email: epennington@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1230 Peachtree Street, N.E.
Suite 3100 Promenade
Atlanta, Georgia 30309
Phone: (404) 815-3551
Fax: (404) 815-3509

*Attorneys for Plaintiff Quikrete International, Inc.*

SGR/13613786.1

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to LR 7.1D., NDGa., the undersigned hereby certifies that the foregoing filing is a computer-generated document, prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1C.

/s/Thomas W. Rhodes
Thomas W. Rhodes
Georgia Bar No. 602300

SGR/13613786.1